UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-01479 (UNA) |
| ) | |
| UNITED STATES DISTRICT COURT ) | |
| FOR THE DISTRICT OF ) | |
| COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff, a state prisoner designated to Wabash County Correctional Facility, located in Carlisle, Indiana, filed a *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP") on June 1, 2020. On June 16, 2020, the court issued an order advising plaintiff that his IFP application was insufficient because he had failed to provide a certified copy of his trust fund account statement (or institutional equivalent), including the supporting ledger sheets, for the six month period immediately preceding the filing of this complaint, obtained from the appropriate official of each prison at which plaintiff is or was confined. *See* 28 U.S.C. § 1915(a)(2). The court granted plaintiff 30 days to submit the required financial information. Plaintiff has now filed an adequate certified copy of his trust account statement with an accompanying memorandum in support of his IFP application. The court will grant the IFP application and now turn to address the complaint.

Plaintiff appears to sue this court, the Indiana Supreme Court, the state of Indiana, and other "Indiana municipalities." The complaint is far from a model in clarity, but it seems that plaintiff seeks credit for time served, arguing that the Indiana state probation department

intentionally miscalculated his time spent in pre-trial incarceration. He alleges that he is a "tortfeasor" and that the aforementioned actions constitute fraud. He seeks undefined declaratory relief and monetary damages.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. See Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. See Fed. R. Civ. P. 12(h)(3). Plaintiff has failed to establish diversity jurisdiction or to state a federal question.

First, even if this court could be sued, which it cannot in this circumstance, *see Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that judges and the judiciary are immune from suit), any plausible connection between this court and plaintiff's state court proceedings is entirely ambiguous. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) (both mandating dismissal of a complaint that fails to state a claim upon which relief can be granted).

Second, the doctrine of judicial immunity is equally applicable to the Indiana Supreme Court, *see Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978), and further, the Eleventh Amendment to the U.S. Constitution immunizes state bodies from suit in federal court, unless immunity is waived. *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–76 (1999); *Keenan v. Washington Metropolitan Area Transit Authority*, 643 F. Supp. 324, 327–28 (D.D.C. 1986) (citing cases).

Third, as a general rule, applicable here, this court lacks jurisdiction to review the decisions of state courts. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995)); *see also Younger v. Harris*, 401 U.S. 37, 46 (1971) (extending prohibition of federal court interference to ongoing state criminal matters, due to "the fundamental policy against federal interference with state criminal prosecutions").

For all of the aforementioned reasons, plaintiff has failed to establish subject matter jurisdiction and has failed to state a claim. As a result, this case is dismissed. A separate order of dismissal accompanies this memorandum opinion.

_____/s/_____
JAMES E. BOASBERG
United States District Judge

DATE: July 29, 2020